Joseph A. Suozzi, J.
By this motion the petitioner husband seeks an order directing the County Clerk of Nassau County to accept for filing as of November 15,1967, a separation agreement dated November 10, 1967, so as to make the agreement the basis for a divorce pursuant to subdivision (6) of section 170 of the Domestic Relations Law. The parties were married in 1935 and *141 have no minor children. There appears to be no hope of the parties reconciling their marital differences, and the marriage appears for all purposes to be dead.
Subdivision (6) of section 170, which authorizes an action for divorce based upon a husband and wife having lived separate and apart pursuant to a separation agreement subscribed and acknowledged on or after April 27, 1966, also provides that “ Such agreement shall be filed in the office of the clerk of the county wherein either party resides within thirty days after the execution thereof.” The petitioner claims that his attorney failed and neglected to file the agreement as prescribed by the statute, and that he only recently learned of this failure. The attorney who represented the petitioner at the time the separation agreement was entered into has not explained his failure to file the agreement.
The respondent, in opposing this motion, claims that it was never intended by the parties that the agreement would be the basis for a divorce action, and asserts that ‘ ‘ I did not know that this Separation Agreement was intended to keep us separate and apart from the other ‘ for the rest of our lives. ’ ’ ’ Since nothing in the statute requires either party to declare his intention to use or not to use the agreement as a basis for a divorce, this contention is without merit.
Implicit in the relief requested by petitioner is the conclusion that compliance with the filing requirement is a prerequisite to the commencement of an action for divorce under subdivision (6) of section 170. Whether the requirement for filing within a stated period is mandatory or permissive is best determined by the purpose sought to be accomplished.
The statutory direction that the agreement be filed within 30 days after its execution has a rational basis primarily as a means of avoiding fraud and collusion by parties in predating an agreement to circumvent the two-year period of living separate and apart, thereby enabling them to obtain instant divorce by consent (see Adelman v. Adelman, 58 Misc 2d 803, 809). However, where as here there is no hint or suggestion or claim of fraud, or of collusion or predating, and the parties have lived separate and apart pursuant to the agreement for a period of at least two years after April 27,1966, the purpose of this filing requirement is not circumvented by the failure to file timely.
Denial to either party to a separation agreement of the right to a divorce pursuant to subdivision (6) of section 170 simply because of the failure to timely file, in cases where fraud or predating is not an issue, would only serve to contravene the social policy underlying the Divorce Reform Law of 1966 and the judi *142 cial sanction of that policy contained in the following statement of the Court of Appeals in Gleason v. Gleason, Goldstein v. Goldstein (26 N Y 2d 28, 35): “ Implicit in the statutory scheme is the legislative recognition that it is socially and morally undesirable to compel couples to a dead marriage to retain an illusory and deceptive status and that the best interests not only of the parties but of society itself will be furthered by enabling them ‘ to extricate themselves from a perpetual state of marital limbo \ ’ ’
In the same decision (which involved the constitutionality of subdivision (5) of section 170 of the Domestic Relations Law when retroactively applied to separation decrees) the Court of Appeals made the following statement with respect to the statute as a whole:
‘ ‘ Reasonably and sensibly read, the statute, as a whole, points the construction that all that has to be proved is that there is some kind of formal document of separation [either a judicial decree or a written agreement] that the plaintiff has complied with its terms and that the parties have lived apart pursuant to the decree for two years after September 1, 1966.” (Gleason v. Gleason, supra, p. 37 ; emphasis supplied).
In the opinion of this court the mere failure to file the separation agreement within the 30-day period should not preclude either party from commencing an action under subdivision (6) of section 170, and the relief requested herein is unnecessary. Accordingly the motion is denied without prejudice to either party commencing an action for divorce pursuant to subdivision (6) of section 170 of the Domestic Relations Law.